Colindres-Reyes v. US                    05-CV-119-SM  05/24/05

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Victor R. Colindres-Reyes

    v.                                    Civil No. 05-cv-119-SM
                                       Opinion No. 2005 DNH 083
United States of America


**O R D E R**


Petitioner seeks relief from his sentence under the provisions of 28 U.S.C. § 2255.  Pursuant to his plea of guilty, petitioner was convicted of illegal re-entry into the United States after having previously been deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), and sentenced to 37 months in prison.  Judgment was entered on September 24, 2003.  On that same date petitioner pled guilty to five separate violations of a previously imposed term of supervised release.  He was found guilty based upon his pleas and was sentenced to 8 months of imprisonment, consecutive to the 37 months sentence.  Judgment also was entered in that case on September 24, 2003.  In neither case did petitioner file an appeal.

On April 1, 2005, petitioner filed this civil action, claiming that he is entitled to sentence relief under the Supreme Court's recent decision in Shepard v. United States, ___ U.S. ___, 125 S.Ct. 1254 (2005).  But Shepard does not have any application to petitioner's case.  In Shepard the Supreme court held that police reports or complaint applications cannot form the basis for determining whether an earlier guilty plea supports a conviction for "generic burglary" for purposes of imposing an armed career criminal enhancement under the sentencing guidelines.  No such issue arose in petitioner's case.

Secondly, petitioner argues that he should be resentenced under the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), which held the Sentencing Guidelines unconstitutional in some respects.  But Booker is not retroactively applicable to petitioner's case.  Cirilo-Munoz v. United States, 404 F.3d 527 (1st Cir. 2005).

Finally, this petition is untimely, having been filed more than one year after petitioner's convictions became final. 28 U.S.C. § 2255.

2

The petition is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

May 24, 2005

cc:  Victor R. Colindres-Reyes, pro se
Peter E. Papps, Esq.